UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JERRY R. ROSE,<br>    Petitioner, | Case No. 1:15-cv-353 |
| | Beckwith, J. |
| vs. | Bowman, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate at the Chillicothe Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2008 convictions and prison sentence following his guilty plea in the Butler County, Ohio, Court of Common Pleas.  (*See* Doc. 1).  Respondent has filed a motion to transfer the petition to the United States Court of Appeals for the Sixth Circuit, on the ground that the petition is "successive" within the meaning of 28 U.S.C. § 2244(b).  (Doc. 4).

For the reasons that follow, the undersigned recommends that respondent's motion be granted and the petition be transferred to the Sixth Circuit Court of Appeals as a second or successive petition.

**I.  BACKGROUND**

The Ohio Court of Appeals provided the following summary of the facts leading to petitioner's conviction and sentence:

> On July 18, 2007, appellant pled guilty to one first-degree felony count of selling unregistered securities, as well as one count each of perjury and forgery, felonies of the third degree.  The record indicates that from 2000 to 2007 appellant, a licensed insurance agent, operated a multi-million dollar Ponzi scheme involving approximately 200 investors.  Subsequently, on April 29, 2008, following a three-day sentencing hearing during which a number of investors testified regarding their financial losses, appellant was sentenced to maximum, consecutive prison terms on each count for an aggregate term of 20 years.

*State v. Rose*, Case No. CA2010-03-059, 2010 WL 4721244, at *1 (Ohio Ct. App. Nov. 22, 2010).

On April 14, 2014, petitioner filed his first habeas corpus petition in this Court challenging his 2008 convictions and sentence. *See Rose v. Warden*, Case No. 1:14-cv-308 (S.D. Ohio) (Dlott, J.; Litkovitz, M.J.) (Doc. 1). Petitioner raised the following three grounds for relief in the petition:

> Branch I: The trial court erred in failing to resentence petitioner d[e]spite learning that his sentence was based upon fraudulent and materially false claims.
>
> Branch II: Petitioner is entitled to a hearing regarding restitution since the amount of economic loss is lower than originally thought at the time of sentencing.
>
> Branch III: It is unconstitutional to deny petitioner's request for resentencing despite the discovery of new evidence regarding the validity of witnesses' testimony as to the amount of economic loss.

(*Id.* at PageID 6, 9, 13). The petition, which was filed with the assistance of counsel, was dismissed on May 22, 2015. (*Id.*, Doc. 23, 24). The Court found that the habeas corpus petition was barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C § 2254. (*See id,* Doc. 10, 23, 24).

Meanwhile, on May 28, 2014, petitioner filed a pro se motion for resentencing of void judgment in the trial court. (*See* Doc. 10, Ex. I-3 at PageID 117–20). Petitioner argued that the trial court failed to inform him that he could be required to perform community service if he failed pay court costs imposed as part of his sentence, failed to specifically advise him of the possibility of post-release control with regard to two counts, and incorrectly stated in the sentencing entry that post–release control on the remaining count was "up to five (5) years,"

2

despite the fact that petitioner was subject to a mandatory five year period of post-release control as a result of his conviction.[1] The State conceded that the alleged errors occurred, but argued that petitioner was not entitled to a *de novo* sentencing or complete resentencing. On September 26, 2014, the trial court granted petitioner's motion in part, finding that a limited resentencing to correct the sentencing errors was appropriate. The trial court further determined that all other claims and/or contentions unrelated to the sentence or judgment were barred by the doctrine of *res judicata*. (Doc. 10, Ex. K at PageID 130).

On December 29, 2014, the trial court conducted a limited resentencing hearing addressing the issues identified by petitioner. Petitioner subsequently filed a motion for leave to appeal from the trial court's limited resentencing. However, the trial court denied the motion on March 26, 2015, finding that "this matter was previously sustained on appeal, and Defendant was only brought back before the court to address the issues of post release control and community service in lieu of court costs." (*Id.*).

The instant pro se petition for federal habeas relief is the second petition that petitioner has filed with this Court. Petitioner commenced this action on May 28, 2015, only six days after the Court dismissed his first habeas petition. (*See* Doc. 1). Petitioner asserts the following four grounds for relief in the petition:

> **GROUND ONE:** DUE PROCESS AND EQUAL PROTECTION
>
> Supporting facts: Prior to the re-sentencing on 10/20/2014, Petitioner filed a pre-sentence motion to withdraw his plea for the litany of contrarian statutes and fraud as presented. The lower court continued the 10/20/14, re-sentencing hearing, and on 12/29/14, and denied Petitioner his right to address the court and did not docket the motion as served and filed on 10/17/14.

---

[1] Decision and Entry Granting In Part, and Denying In Part, Defendant's Motion for Resentencing (Sept. 29, 2014). Found at http://pa.butlercountyclerk.org/eservices, under Case No. CR 2007-07-1192.

3

**GROUND TWO:** DUE PROCESS AND EQUAL PROTECTION AND DOUBLE JEOPARDY

Supporting facts: The lower court failed to comply with the legislative mandates and strict compliance with Criminal Rule 11 at the plea hearing.

**GROUND THREE:** DUE PROCESS AND EQUAL PROTECTION

Supporting facts: The lower court amended a void judgment that was allegedly a valid final judgment. The court continued in their prejudice and did not allow an appeal of right contrary to the language of the amended judgment entry "advising Petitioner of his right to appeal." Moreover, the lower court found Petitioner indigent without any mandated hearing for restitution and/or fines.

**GROUND FOUR:** INEFFECTIVE ASSISTANCE OF COUNSEL

Supporting facts: At all critical stages, Petitioner was denied effective assistance of counsel. Petitioner per counsel, pled to charges that have no factual basis under Ohio law. Counsel likewise at the plea hearing ignored the absence of statutory authority to impose the charges including the unambiguous fraud by the general partners. Appellate counsel failed to recognize the obvious infringements and statutory language, including the failure to timely file the post conviction relief.

(*Id.*).

As noted above, respondent has filed a motion to transfer the petition to the Sixth Circuit, on the ground that the petition is "successive" within the meaning of 28 U.S.C. § 2244(b). (Doc. 4).

## II. THE PETITION SHOULD BE TRANSFERRED TO THE SIXTH CIRCUIT

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner

shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.*

The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute. *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein). However, not all subsequent petitions relating to the same conviction or sentence are considered successive. *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

Courts have held that a later petition is not successive where the first petition was dismissed as premature, *see id.*; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416 (6th Cir. 1998); the second petition was filed after a remedial appeal ordered in response to the prior petition, *see Storey v. Vasbinder*, 657 F.3d 372, 377-78 (6th Cir.

2011); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart,* 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California,* No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)). In all of those contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals, because the prior dispositions were not "on the merits." *See Slack,* 529 U.S. at 485-86; *Carlson,* 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2nd Cir. 1996); *cf. Storey*, 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—*i.e.*, whether the petitioner was entitled to a new direct appeal).

In contrast, when the prior petition is dismissed on the ground that it is barred by the statute of limitations, the dismissal is an adjudication of the merits of the claims, and petitioner must obtain prior authorization from the court of appeals entitling him to file a subsequent petition for habeas corpus relief. *See, e.g., McNabb v. Yates,* 576 F.3d 1028, 1030 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003); *Staffney v. Booker,* No. 2:09cv14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009) (transferring the petition to the Sixth Circuit as a successive petition).[2]

The Supreme Court has held that a habeas corpus petition is not successive and, therefore, § 2244(b) does not apply when it is the first application challenging a new judgment, such as a new sentence imposed on resentencing, that occurs between habeas proceedings. *See Magwood v. Patterson*, 561 U.S. 320, 331-39 (2010). The *Magwood* Court expressly declined to

---

[2] *Contrast Gonzalez v. Crosby,* 545 U.S. 524, 535-36 (2005) (a motion for relief from judgment under Fed. R. Civ. P. 60(b), which "challenges only the District Court's previous ruling on the AEDPA statute of limitations, . . . is not the equivalent of a successive habeas petition").

6

address whether the habeas petitioner is allowed to challenge "not only his resulting, *new* sentence, but also his original, *undisturbed* conviction" in the subsequent application.  *Id.* at 342 (emphasis in original).  In finding that the question was not before the Court because the petitioner had "not attempted to challenge his underlying conviction," the *Magwood* Court noted that "[s]everal Courts of Appeal have held that a petitioner who succeeds on a first habeas application and is resentenced may challenge only the 'portion of a judgment that arose as a result of a previous successful action.'"  *Id.* & n.16 (quoting *Lang v. United States*, 474 F.3d 348, 351 (6th Cir. 2007), and citing Seventh and Second Circuit decisions).

In the aftermath of *Magwood*, district courts in the Sixth Circuit have relied on the Sixth Circuit's *Lang* decision, as well as other circuit court precedents, to hold that *Magwood* applies to permit review of a subsequent petition only to the extent that the later petition addresses an issue that originated in the intervening proceeding. *See, e.g.*, *Ocampo v. United States*, No. 06-20172, 2014 WL 859841, at *3 (E.D. Mich. Mar. 5, 2014) (citing *Lang* and *Ajan v. United States*, 731 F.3d 629 (6th Cir. 2013)), *appeal dismissed*, No. 14-1335 (6th Cir. Apr. 21, 2014); *see also Carnail v. Bradshaw*, No. 1:12cv1042, 2015 WL 235849, at *10-11 (N.D. Ohio Jan. 16, 2015); *Barclay v. Tibbles*, No. 5:13cv124, 2014 WL 809197, at *5, *10 (N.D. Ohio Feb. 28, 2014); *Banks v. Bunting*, No. 5:13cv1472, 2013 WL 6579036, at *1, *5-7 (N.D. Ohio Dec. 13, 2013); *Myers v. Coleman*, No. 2:12cv975, 2013 WL 3984282, at *4-6 (S.D. Ohio Aug. 1, 2013) (Abel, M.J.) (Report & Recommendation), *adopted as modified on other grounds*, 2013 WL 5441755, at *3-4 (S.D. Ohio Sept. 27, 2013) (Frost, J.); *Ellison v. Timmerman-Cooper*, No. 1:10cv595, 2011 WL 7946038, at *2 (S.D. Ohio Sept. 20, 2011) (Merz, M.J.) (Report & Recommendation), *adopted*, 2012 WL 1898629 (S.D. Ohio May 23, 2012) (Spiegel, J.).

7

However, the Sixth Circuit has recently held in contradiction to those lower court decisions that "a new judgment" entered following an intervening proceeding, such as resentencing, "permits the inmate to challenge the original conviction," as well as the intervening new judgment, "without clearing the second-or-successive hurdles." *King v. Morgan*, 807 F.3d 154, 159 (6th Cir. 2015), *reversing*, No. 1:12cv2000, 2013 WL 5531365 (N.D. Ohio Sept. 26, 2013).

In *King*, the petitioner filed a second-in-time habeas corpus petition after the Ohio trial court granted his motion to vacate and re-sentence on the basis that the petitioner was not informed of post-release control. Petitioner was originally sentenced to a total aggregate prison sentence of twenty one years to life. The trial court vacated petitioner's prior sentence and ordered that the matter be scheduled for re-sentencing pending the preparation of a pre-sentencing report. *See King v. Morgan*, No. 1:12cv2000, 2013 WL 5531365, at *9 (N.D. Ohio Sept. 26, 2013). After conducting a full resentencing and properly informing King of post-release control, the trial court sentenced King to a total aggregate prison sentence of thirty-three years to life. Petitioner's new sentence was upheld on appeal to the Ohio Court of Appeals, before he filed a second habeas corpus petition. In finding King's second petition was not successive, the Sixth Circuit held that "a habeas petitioner, after a full resentencing and the new judgment that goes with it, may challenge his undisturbed conviction without triggering the 'second or successive' requirements." *King*, 807 F.3d at 156.

However, in a recent decision, the Sixth Circuit noted that the *King* decision "did not exclude the possibility that minor amendments to a judgment, such as those that correct clerical or technical errors while leaving a petitioner's conviction and sentence intact, may not create a new 'judgment' within the meaning of *Magwood*." *Askew v. Bradshaw*, Case No. 13-4147, 2016

8

WL 384829, at *6 (6th Cir. Feb. 2, 2016). The Sixth Circuit pointed to its unpublished decision in *In re Mackey*, No. 13-3072 (6th Cir. June 26, 2014), where the Sixth Circuit held that an Ohio court's reopening of a petitioner's sentence "merely to enter post-release conditions of control was a simple 'correct[ion] [of] a technical error' that did not save the petitioner's subsequent second-in-time habeas application from the requirements of 28 U.S.C. § 2244(b)."[3] *Id.* The petitioner in *Mackey*, as in the instant case, was resentenced by the trial court to notify the petitioner of mandatory post release control. In *Askew*, by contrast, the Sixth Circuit concluded that the resentencing proceeding went well beyond that of a minor amendment, observing that the trial court vacated his original sentence, conducted a *de novo* sentencing hearing, and entered a new sentence. *Id.* at *7.

    In the instant case the undersigned concludes that petitioner's September 25, 2014 limited-resentencing did not constitute a "new judgment" that falls within the exception recognized in *King* and *Magwood* for bypassing the requirements governing second or successive petitions set forth in 28 U.S.C. § 2244(b). Unlike *King* and *Askew*, petitioner's original sentence was not vacated and petitioner did not have a full, *de novo* sentencing hearing resulting in a new sentence. To the contrary, the trial court in petitioner's case explicitly noted that the resentencing was not a complete or *de novo* resentencing, but was limited to correcting the post release and community service notification issues. ((*See* Doc. 10, Ex. K at PageID 130) ("Defendant was only brought back before the court to address the issues of post release control

---

[3] Although the trial court conducted a *de novo* resentencing in *In re Mackey*, the Sixth Circuit observed that under Ohio law, the trial court could only correct the portion in error. *See Mackey v. Warden*, 525 F. App'x 357, 359 (6th Cir. 2013) ("As of October 14, 2010, under *State v. Bezak,* 114 Ohio St.3d 94, 2007–Ohio–3250, 868 N.E.2d 961, Mackey was entitled to a complete *de novo* resentencing hearing. *Id.* at ¶ 16. However, Ohio law changed on December 23, 2010, when the OSC overruled *Bezak* with *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332. *Fischer* held that, in cases like Mackey's, Ohio trial courts have limited authority to hold resentencing hearings only to the extent necessary to impose the mandatory post-release controls. *Id.* at ¶ 29.").

and community service in lieu of court costs")). Therefore, as in *Mackey*, the resulting Amended Judgment of Conviction Entry did not result in a new judgment for purposes of § 2244(b).

Accordingly, the undersigned finds that this matter should be transferred to the Sixth Circuit as a successive petition. Petitioner attacks the same convictions and sentence that he challenged in his prior petition and this Court's decision denying the prior petition as being time-barred constitutes a decision on the merits. Petitioner has not demonstrated that his claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable or that the factual basis for his claim could not have been discovered previously through the exercise of due diligence.

In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent habeas application. Therefore, the instant petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b), and this Court lacks jurisdiction to consider it without petitioner's first obtaining authorization from the Sixth Circuit.

When a prisoner has filed a second or successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2d Cir. 1996)).

Accordingly, it is hereby **RECOMMENDED** that respondent's motion to transfer (Doc. 4) be **GRANTED** and the petition for a writ of habeas corpus (Doc. 1) be **TRANSFERRED** pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for

consideration whether the district court may review the petition in accordance with 28 U.S.C. § 2244(b).

    **IT IS SO RECOMMENDED.**

                                                      *s/ Stephanie K. Bowman*
                                                 Stephanie K. Bowman
                                                 United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERRY R. ROSE,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:15-cv-353

Beckwith, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).