**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Jerry R. Rose, )
)
        Petitioner, ) Case No. 1:15-CV-353
)
  vs. )
)
Warden, Chillecothe )
Correctional Institution, )
)
        Respondent. )

O R D E R

      This matter is before the Court on Respondent's motion to transfer (Doc. No. 4), Magistrate Judge Bowman's Report and Recommendation of February 10, 2016 (Doc. No. 15), and Petitioner Jerry R. Rose's objections to the Report and Recommendation. Doc. No. 17. In this report, Magistrate Judge Bowman concluded that Petitioner's petition for a writ of habeas corpus is a second or successive petition and recommended granting Respondent's motion to transfer the case to the Sixth Circuit Court of Appeals for authorization to consider it. In a second report filed the same day (Doc. No. 16), Judge Bowman recommended denying as moot Petitioner's motions to expand the record. Petitioner also filed objections to this report. Doc. No. 18. For the reasons that follow, Petitioner's objections to Magistrate Judge Bowman's first report are **SUSTAINED IN PART AND OVERRULED IN PART**. The Court **ADOPTS** the first report to the extent Judge Bowman recommends transferring Claims Two and Four of the petition to the Sixth Circuit for authorization to consider them. To that extent, Petitioner's objections are **OVERRULED** and Respondent's motion is well-taken and is **GRANTED.** The Court does not adopt

1

Judge Bowman's report to the extent she recommends transferring Claims One and Three to the Sixth Circuit. To that extent, Petitioner's objections are well-taken and are **SUSTAINED** and Respondent's motion to transfer is not well-taken and is **DENIED.** Claims Two and Four of the petition will be transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 for a determination whether they may be considered in accordance with 28 U.S.C. § 2244(b).

Petitioner's objections to Magistrate Judge Bowman's second Report and Recommendation are not well-taken and **OVERRULED.** The Court **ADOPTS** that report. Petitioner's motions to expand the record (Doc. Nos. 5 & 7) are not well-taken and are **DENIED.**

Petitioner is an inmate in the custody of the Ohio Bureau of Rehabilitation and Correction. In 2008, Petitioner was convicted in the Butler County Court of Common Pleas of selling unregistered securities, forgery, and perjury and received an aggregate sentence of twenty years of imprisonment. In April 2014, Petitioner filed his first petition for a writ of habeas corpus with the Court. In May 2015, Judge Dlott, the presiding judge in that case, entered an order dismissing that petition on the grounds that it was barred by the statute of limitations. See Rose v. Warden, Chillecothe Correctional Institution, Case No. 1:14-CV-308 (S.D. Ohio), Doc. No. 23.

In the meantime, Petitioner filed a motion in state court to re-open his sentencing hearing because, inter alia, the trial court failed to advise him of the conditions of post-release control. The trial court granted that aspect of Petitioner's motion and, on December 29, 2014, held a "limited resentencing hearing" to advise Petitioner that he could be subject

to community service if he failed to pay court costs, that he could be placed on post-release control for his perjury and forgery convictions, and that post-release control was mandatory for his securities conviction. Doc. No. 10, at 69. Petitioner's original sentence otherwise remained unchanged. The trial court's sentencing order was journalized in February 2015. In May 2015, the trial court entered an order denying Petitioner leave to appeal the sentence on the grounds that he previously had been declared a vexatious litigator, his sentence had previously been affirmed on appeal, and he had only returned before the court to address issues of post-release control. Doc. No. 10, at 82.

Petitioner filed the instant petition for a writ of habeas corpus on May 28, 2015. Doc. No. 1. Petitioner's petition raises four assignments of error:

> **GROUND ONE:** DUE PROCESS AND EQUAL PROTECTION
>
> Supporting facts: Prior to the re-sentencing on 10/20/2014, Petitioner filed a pre-sentence motion to withdraw his plea for the litany of contrarian statutes and fraud as presented. The lower court continued the 10/20/14, re-sentencing hearing, and on 12/29/14, and denied Petitioner his right to address the court and did not docket the motion as served and filed on 10/17/14.
>
> **GROUND TWO:** DUE PROCESS AND EQUAL PROTECTION AND DOUBLE JEOPARDY
>
> Supporting facts: The lower court failed to comply with the legislative mandates and strict compliance with Criminal Rule 11 at the plea hearing.
>
> **GROUND THREE:** DUE PROCESS AND EQUAL PROTECTION
>
> Supporting facts: The lower court amended a void judgment that was allegedly a valid final judgment. The court continued in their prejudice and did not allow an appeal of right contrary to the language of the amended judgment entry "advising Petitioner of his right to appeal." Moreover, the lower court found Petitioner indigent without any mandated hearing for restitution and/or fines.
>
> **GROUND FOUR:** INEFFECTIVE ASSISTANCE OF COUNSEL
>
> Supporting facts: At all critical stages, Petitioner was denied effective assistance of

3

> counsel. Petitioner per counsel, pled to charges that have no factual basis under Ohio law. Counsel likewise at the plea hearing ignored the absence of statutory authority to impose the charges including the unambiguous fraud by the general partners. Appellate counsel failed to recognize the obvious infringements and statutory language, including the failure to timely file the post conviction relief.

Doc. No. 1, at 5-10.

Magistrate Judge Bowman concluded that the instant petition is a second or successive petition under 28 U.S.C. § 2244(b)(1). Judge Bowman noted that Petitioner filed a first petition which Judge Dlott dismissed because it was barred by the statute of limitations. Judge Bowman found that Petitioner's current petition attacks the same conviction and sentence as his first petition and, therefore, constitutes a second or successive petition. Judge Bowman further concluded that Petitioner's resentencing hearing in December 2014 was a "limited resentencing," and, therefore, did not constitute a "new judgment" pursuant to Magwood v. Patterson, 561 U.S. 320 (2010). Thus, Judge Bowman concluded that Petitioner's petition must be transferred to the Sixth Circuit for authorization for the Court to consider it.

According to Magwood, § 2244(b)'s bar to second or successive petitions does not apply if the petitioner's resentencing hearing results in a new judgment. Id. at 331-39. As interpreted by the Sixth Circuit, pursuant to Magwood, if the petitioner's resentencing hearing resulted in a new judgment, the second or successive petition bar does not apply "even if the claimant previously filed petitions that challenged the original sentence and even if he raised or could have raised the same claims in those earlier petitions." King v. Morgan, 807 F.3d 154, 156 (6th Cir. 2015). In other cases, however, the Sixth Circuit has suggested that Magwood does not apply if the petitioner was not resentenced in a de novo sentencing hearing, such as when he was only resentenced for the purpose of advising him

4

of the conditions of post-release control. See Askew v. Bradshaw, __Fed. Appx.___, No. 13-]4171, 2016 WL 384829, at *7 (6th Cir. Feb. 2, 2016) (Magwood applied because "[t]his case is not one in which the Court of Common Pleas amended a judgment merely to add conditions of post-release control.") (dicta); Mackey v. Warden, Lebanon Corr. Inst., 525 Fed. Appx. 357, 362 (6th Cir. 2013) (petitioner's resentencing hearing was only de novo as to the imposition of post-release control); In re Mackey, No. 13-3072, slip op. at 6 (6th Cir. June 6, 2014) (petitioner's resentencing for purposes of entering conditions of post-release control "was to correct a technical error;" thus, his second-in-time petition was not excepted from § 2244(b)). Nevertheless, if the petitioner presents a new claim that arises from a second resentencing hearing, the second or successive petition rule does not apply. Lang v. United States, 474 F.3d 348, 353 (6th Cir. 2007).

In this case, the Court agrees with Judge Bowman that Petitioner's December 2014 hearing was a limited resentencing conducted for the purpose of correcting technical errors concerning the imposition of the conditions of post-release control. This conclusion is consistent with the judgment entered by the state court judge, the Sixth Circuit's interpretation of Ohio law in the two Mackey cases, and the Supreme Court of Ohio's holdings on this issue. State v. Fischer, 942 N.E.2d 332, 335 syl. 3 & 4 (Ohio 2010) (holding that "[t]he scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing" and that res judicata "applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence"). Consequently, the Court can only consider claims that arise from Petitioner's resentencing hearing. All other claims will be barred from consideration by § 2244(b) and will have to

be transferred to the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Judge Bowman correctly concluded that the second or successive petition rule applies to Claims Two and Four of the petition. Claim Two concerns errors that allegedly occurred during Petitioner's original change of plea hearing. That claim could have been raised in Petitioner's first § 2244 petition. Similarly, Claim Four alleges claims of ineffective assistance of counsel relating to the change of plea process as well as counsel's alleged failure to timely file for post-conviction relief. Petitioner could have raised this claim in his first petition as well. Accordingly, these claims are subject to § 2244(b).

The Court, however, concludes that § 2244(b) does not apply to Claims One and Three. Although, as the Respondent accurately observes, these claims are cryptically worded, they do appear to relate to the resentencing hearing. All of the dates recited in Claim One refer to the resentencing hearing and Petitioner specifically claims therein that he was denied the right of allocution during the resentencing hearing. Claim Three alleges, at a minimum, that the trial court denied him the right to file an appeal from the resentencing hearing. Accordingly, the Court concludes that Lang applies to these claims because they are new claims that arise from a new hearing. See also King, 807 F.3d at 155 (stating that § 2244(b) does not apply to "a new challenge to a new error").

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's objections to Magistrate Judge Bowman's first Report and Recommendation (Doc. No. 15) are **SUSTAINED IN PART AND OVERRULED IN PART.** Respondent's motion to transfer (Doc. No. 4) is **GRANTED IN PART AND DENIED IN PART.**

2. The Court **ADOPTS** this report to the extent that Judge Bowman recommends transferring Claims Two and Four of the petition to the Sixth Circuit for authorization to consider them. To that extent, Petitioner's objections are **OVERRULED** and Respondent's motion to transfer is well-taken and is **GRANTED.** The Court does not adopt Judge

Bowman's report to the extent she recommends transferring Claims One and Three to the Sixth Circuit. To that extent, Petitioner's objections are well-taken and are **SUSTAINED** and Respondent's motion to transfer is not well-taken and is **DENIED.** Claims Two and Four of the petition are **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 for a determination whether they may be considered in accordance with 28 U.S.C. § 2244(b).

3. Because the Sixth Circuit has not addressed in a reported decision the question whether Magwood applies to a judgment from a resentencing hearing conducted solely for the purpose of imposing conditions of post-release control, the Court **GRANTS** Petitioner a certificate of appealability limited to that issue.

4. Petitioner's motions to expand the record (Doc. Nos. 5 & 7) appear to concern obtaining documents or evidence related to his guilt or innocence of the underlying offenses. Any claim related to Petitioner's convictions is barred by § 2244(b). Judge Bowman correctly determined that these motions to expand the record are moot as a result. Doc. No. 16. Accordingly, the Court **OVERRULES** Petitioner's objections and **ADOPTS** that report. Petitioner's motions to expand the record are **DENIED AS MOOT.**

Date March 22, 2016            s/Sandra S. Beckwith
                                                            Sandra S. Beckwith
                                                 Senior United States District Judge