UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERRY R. ROSE,    Case No. 1:15-cv-353
    Petitioner,

                                  Black, J.
vs.                              Bowman, M.J.

WARDEN, CHILLICOTHE            **ORDER AND REPORT**
CORRECTIONAL INSTITUTION,    **AND RECOMMENDATION**
    Respondent.

This *pro se* habeas corpus action brought pursuant to 28 U.S.C. § 2254 is before the Court on petitioner's motion filed January 9, 2017 requesting leave to amend his habeas petition based on "a change in controlling law that warrants an additional claim for relief." (Doc. 27). Respondent opposes the motion (Doc. 28), and petitioner has filed a reply responding to respondent's opposition memorandum (Doc. 30).

    **I.    BACKGROUND**

This case has a convoluted procedural history. The background leading up to the filing of the instant action was set forth in detail in a Report and Recommendation that issued on February 10, 2016, which is incorporated by reference herein. (*See* Doc. 15, pp. 1-3, at PAGEID#: 182-84). In summary, petitioner was convicted following entry of a guilty plea in Butler County, Ohio, Court of Common Pleas Case No. CR2007-07-1192 to charges of selling unregistered securities, perjury and forgery, and was sentenced on April 29, 2008, to an aggregate prison term of twenty (20) years. *See State v. Rose*, Case No. CA2010-03-059, 2010 WL 4721244, at *1 (Ohio Ct. App. Nov. 22, 2010).

On April 14, 2014, petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 with this Court raising three claims challenging his sentence and the denial of his request for resentencing in Case No. CR2007-07-1192. *See Rose v. Warden*, Case No. 1:14-cv-308 (S.D. Ohio) (Dlott, J.; Litkovitz, M.J.) (Doc. 1). The petition, which was filed with the assistance of counsel, was dismissed on statute-of-limitations grounds on May 22, 2015. *See id.* (Docs. 10, 23, 24).

In the meantime, after filing his initial habeas petition, petitioner filed on May 28, 2014, a *pro se* "Motion for Resentencing of Void Judgment" with the state trial court. (*See* Doc. 10, Ex. I-3, at PAGEID#: 117). On September 26, 2014, the trial court granted petitioner's motion in part, finding that a "limited resentencing hearing" was appropriate solely for the purpose of (1) advising "the Defendant of the possibility that community service could be imposed upon the Defendant should he fail to pay court costs"; (2) advising "the Defendant that he could be placed on post-release control for his convictions in Counts Two and Three of this case"; and (3) "unequivocally" advising "the Defendant that there is a mandatory, rather than potential, five year period of post-release control for the Defendant's conviction in Count One." (*Id.*). The resentencing hearing was held on December 29, 2014, and on February 18, 2015, the trial court issued an Amended Judgment of Conviction Entry advising petitioner of the matters set forth in the September 26, 2014 order and imposing the same aggregate twenty-year prison term. (*Id.*, at PAGEID#: 117-20). Petitioner subsequently filed a motion for leave to appeal the trial court's February 18, 2015 entry. That motion was denied on March 26, 2015 on the ground that petitioner, who had "previously been declared a vexatious litigator," failed to provide a sufficient reason to grant leave to appeal "since this matter was previously sustained on appeal, and

Defendant was only brought back before the court to address the issues of post release control and community service in lieu of court costs." (*Id.*, Ex. K, at PAGEID#: 130).

In the instant petition filed in May 2015, petitioner brings four new claims challenging his conviction and sentence in Butler County Common Pleas Court Case No. CR2007-07-1192:

> **GROUND ONE:** DUE PROCESS AND EQUAL PROTECTION
>
> Supporting facts: Prior to the re-sentencing on 10/20/2014, Petitioner filed a pre-sentence motion to withdraw his plea for the litany of contrarian statutes and fraud as presented. The lower court continued the 10/20/14, re-sentencing hearing, and on 12/29/14, and denied Petitioner his right to address the court and did not docket the motion as served and filed on 10/17/14.
>
> **GROUND TWO:** DUE PROCESS AND EQUAL PROTECTION AND DOUBLE JEOPARDY
>
> Supporting facts: The lower court failed to comply with the legislative mandates and strict compliance with Criminal Rule 11 at the plea hearing.
>
> **GROUND THREE:** DUE PROCESS AND EQUAL PROTECTION
>
> Supporting facts: The lower court amended a void judgment that was allegedly a valid final judgment. The court continued in their prejudice and did not allow an appeal of right contrary to the language of the amended judgment entry "advising Petitioner of his right to appeal." Moreover, the lower court found Petitioner indigent without any mandated hearing for restitution and/or fines.
>
> **GROUND FOUR:** INEFFECTIVE ASSISTANCE OF COUNSEL
>
> Supporting facts: At all critical stages, Petitioner was denied effective assistance of counsel. Petitioner per counsel, pled to charges that have no factual basis under Ohio law. Counsel likewise at the plea hearing ignored the absence of statutory authority to impose the charges including the unambiguous fraud by the general partners. Appellate counsel failed to recognize the obvious infringements and statutory language, including the failure to timely file the post conviction relief.

(Doc. 1).

In response, respondent filed a motion to transfer the petition to the United States Court

of Appeals for the Sixth Circuit as a "second or successive" petition in accordance with 28 U.S.C. § 2244(b)(3). (Doc. 4). On February 10, 2016, the undersigned issued a Report and Recommendation to grant respondent's motion. (Doc. 15). The court's recommendation was based on the determination that the trial court's February 18, 2015 Amended Judgment of Conviction Entry did not constitute an intervening "new judgment" that would render the instant petition non-successive under the Supreme Court's decision in *Magwood v. Patterson*, 561 U.S. 320, 331-39 (2010), and the Sixth Circuit's decision in *King v. Morgan*, 807 F.3d 154, 159 (6th Cir. 2015). (*See id.*, pp. 6-10, at PAGEID#: 187-91). On March 22, 2016, the district court issued an Order adopting the Report and Recommendation to the extent that the claims challenging petitioner's underlying conviction, which were alleged in Grounds Two and Four of the petition, were deemed to be "successive" and subject to transfer to the Sixth Circuit. (Doc. 19, p. 6, at PAGEID#: 208). However, the district court overruled the Report and Recommendation and denied respondent's motion to transfer with respect to the claims alleged in Grounds One and Three because they "relate[d] to the resentencing hearing." (*See id.*, pp. 6-7, at PAGEID#: 208-09). On August 22, 2016, the Sixth Circuit issued an Order denying petitioner's "application to file a second or successive § 2254 habeas corpus petition" after petitioner filed a corrected application seeking to raise a claim that "[t]he charges as set forth are in non-compliance with the legislature as Petitioner did not violate the charges contrary to counsel's advice at the plea." (Doc. 26).

In the motion to amend filed in January 2017, petitioner now seeks leave to add an additional ground for relief based on "the recent ruling of the United States Supreme Court" in

4

*Luis v. United States*, __ U.S. __, 136 S.Ct. 1083 (2016).[1] (Doc. 27). Petitioner contends that the decision, which issued on March 30, 2016, "unambiguously supports [his] claim of ineffective assistance of counsel." (*Id.*). Respondent opposes the motion primarily because petitioner's ineffective-assistance claim was alleged in a ground for relief (Ground Four) that was transferred to the Sixth Circuit. (Doc. 28).

**II. OPINION**

As respondent has pointed out, petitioner is seeking in his motion to amend to include an additional argument in support of the ineffective-assistance-of-counsel claim alleged in Ground Four of the petition, which was transferred to the Sixth Circuit as a "successive" claim within the meaning of 28 U.S.C. § 2244(b). The Sixth Circuit ultimately denied petitioner's application to file a successive petition, as corrected to state a claim that was not mentioned in the grounds for relief that had been transferred by the district court on March 22, 2016. Although it thus appears that petitioner is unable to proceed at this juncture on his claim challenging the effectiveness of his trial counsel, the undersigned is troubled about the propriety of the decision to transfer two of petitioner's grounds for relief to the Sixth Circuit as "successive" in light of Sixth Circuit case-law that has developed following the issuance of the February 10, 2016 Report and Recommendation to grant respondent's motion to transfer and the March 22, 2016 Order and Judgment adopting in part the Report and Recommendation.

As the undersigned explained in the February 10, 2016 Report and Recommendation:

---

[1] It is noted that the Court's docket records reflect that the case was "closed" by the district court's order and judgment that were issued on March 22, 2016 adopting in part and overruling in part the undersigned's February 10, 2016 Report and Recommendation to transfer the matter to the Sixth Circuit. However, that designation was in error because the court's ruling left open the claims that were asserted in Grounds One and Three of the petition. As a result of the clerical error, the case has remained dormant until the filing by petitioner of his motion to amend in January 2017.

> The Supreme Court has held that a habeas petition is not successive and, therefore, § 2244(b) does not apply when it is the first application challenging a new judgment, such as a new sentence imposed on resentencing between habeas proceedings. *See Magwood v. Patterson*, 561 U.S. 320, 331-39 (2010). The *Magwood* Court expressly declined to address whether the habeas petitioner is allowed to challenge "not only his resulting, *new* sentence, but also his original, *undisturbed* conviction" in the subsequent application. *Id.* at 342 (emphasis in original). In finding that the question was not before the Court because the petitioner had "not attempted to challenge his underlying conviction," the *Magwood* Court noted that "[s]everal Courts of Appeal have held that a petitioner who succeeds on a first habeas application and is resentenced may challenge only the 'portion of a judgment that arose as a result of a previous successful action.'" *Id.* & n.16 (quoting *Lang v. United States*, 474 F.3d 348, 351 (6th Cir. 2007), and citing Seventh and Second Circuit decisions).

(*See* Doc. 15, pp. 6-7, at PAGEID#: 187-88). In the aftermath of *Magwood*, district courts in the Sixth Circuit initially "relied on the Sixth Circuit's *Lang* decision, as well as other circuit court precedents, to hold that *Magwood* applies to permit review of a subsequent petition only to the extent that the later petition addresses an issue that originated in the intervening proceeding." (*See id.*, p. 7, at PAGEID#: 188) (and district court decisions cited therein). However, in a published decision that issued on December 1, 2015, the Sixth Circuit held "in contradiction to those lower court decisions that a 'new judgment' entered following an intervening proceeding, such as a resentencing 'permits the inmate to challenge the original conviction,' as well as the intervening new judgment, 'without clearing the second-or-successive hurdles.'" (*Id.*, p. 8, at PAGEID#: 189) (quoting *King v. Morgan*, 807 F.3d 154, 159 (6th Cir. 2015), *reversing*, No. 1:12cv2000, 2013 WL 5531365 (N.D. Ohio Sept. 26, 2013)).

As discussed in the February 10, 2016 Report and Recommendation (*see* Doc. 15, p. 8, at PAGEID#: 189), *King* involved a non-successive resentencing decision, wherein the petitioner not only was advised of post-release control but was also resentenced to a lengthier prison term,

6

after the trial court vacated his original sentence and conducted a full resentencing hearing. *See King*, 807 F.3d at 156. In a later unpublished decision that issued on February 2, 2016, a Sixth Circuit panel pointed out that in a prior unpublished order, the Sixth Circuit had determined that a resentencing "merely to enter post-release conditions of control was a simple 'correct[ion] [of] a technical error' [in the original sentence] that did not save the petitioner's subsequent second-in-time habeas application from the requirements of 28 U.S.C. § 2244(b)." *Askew v. Bradshaw*, 636 F. App'x 342, 348 (6th Cir. 2016) (quoting *In re Mackey*, No. 13-3072, slip op. at 6 (6th Cir. June 26, 2014)). The *Askew* court, however, refused "to revisit the question of whether an order entering conditions of post-release control, without more, creates a new judgment that is capable of resetting the 'second or successive' count." *Id*. at 349. Instead, the court held that because, like *King*, the petitioner was resentenced after his original sentence was vacated and a *de novo* sentencing hearing was held, the resentencing decision "went well beyond such a minor amendment" and thus constituted a new intervening judgment within the meaning of *Magwood*. *See id*. Like *Mackey*, and as distinguished from both *King* and *Askew*, the instant case involved a resentencing that was expressly limited by the trial court to correcting issues regarding post-release conditions of control. Therefore, the undersigned concluded in the February 10, 2016 Report and Recommendation that, "as in *Mackey*, the resulting Amended Judgment of Conviction Entry did not result in a new judgment for purposes of § 2244(b)." (Doc. 15, p. 10, at PAGEID#: 191).

However, on July 1, 2016, *after* the district court adopted in part the Report and Recommendation, the Sixth Circuit issued a published decision which made it clear that the resentencing entry involved in this case was a "new judgment" within the meaning of *Magwood*

7

and that, therefore, the instant second-in-time petition is not subject to the requirements for successive petitions that are set forth in 28 U.S.C. § 2244(b). *See In re Stansell*, 828 F.3d 412 (6th Cir. 2016). In that case, the petitioner's sentence was only "partially vacated (to the extent it did not include a term of post-release control)" and the petitioner "was only partially resentenced (to impose that term)." *See id.* at 416. The Sixth Circuit concluded that the partial resentencing created an "intervening judgment" that permitted the petitioner "to raise challenges to his (undisturbed) conviction, his (undisturbed) term of incarceration, and his (new) term of post-release control." *Id.* In so holding, the court reasoned in pertinent part:

> "Final judgment in a criminal case means sentence. The sentence is the judgment." *Berman v. United States*, 302 U.S. 211, 212, 58 S.Ct. 164, 82 L.Ed. 204 (1937); *see Burton v. Stewart*, 549 U.S. 147, 156, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007). The sentence that matters in a habeas case, *Magwood* tells us, is the one "pursuant to" which an individual is held "in custody." 561 U.S. at 332, 130 S.Ct. 2788 (quotations omitted); *see* 28 U.S.C. § 2254(a), (b)(1). And an individual is "in custody" for habeas purposes when he is "in actual, physical custody in prison or jail" *or* when he is subject to "significant" post-release "restraints on [his] liberty" that are "not shared by the public generally." *Jones v. Cunningham*, 371 U.S. 236, 238, 240, 242, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); *see Hensley v. Mun. Court*, 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). Individuals subject to post-release control, like individuals subject to supervised release in the federal system, satisfy the "in custody" requirement. *See, e.g., United States v. Sandles*, 469 F.3d 508, 517-18 (6th Cir. 2006); *Kusay v. United States,* 62 F.3d 192, 193 (7th Cir. 1995).
>
> Before his resentencing, the judgment that kept [the petitioner] "in custody" was a term of imprisonment ranging from twenty years to life. After his resentencing, the judgment that kept [the petitioner] "in custody" was a term of imprisonment ranging from twenty years to life *plus* five years of post-release control. . . . Because a new custodial sentence means a new judgment for purposes of § 2254, [petitioner's] partial resentencing restarted the second or successive count.
>
> As we see it, there are three plausible alternatives to this approach, but none comports with *Magwood* or *King*. One possibility, urged by the State, is that only a full resentencing results in a new judgment. This theory would require those who are partially resentenced to meet the second or successive requirements. But

8

the Court has told us that the sentence *is* the judgment in a criminal case, *see Burton*, 549 U.S. at 798-99, 127 S.Ct. 793, meaning that any change to the custodial sentence necessarily changes the judgment "pursuant to" which an individual is held "in custody," *see* 28 U.S.C. § 2254(a), (b)(1). We said as much in *King*, noting that *Magwood*'s "judgment-based reasoning naturally applies to all new judgments, whether they capture new sentences or new convictions or merely reinstate one or the other." 807 F.3d at 157. [Petitioner's] revised custodial sentence "capture[s]" his newly imposed period of post-release control, along with his "reinstate[d]" term of imprisonment and his underlying conviction. *Id.* That means it is a new judgment, which reopens challenges to any aspect of that judgment, whether related to the conviction, the sentence, or both.

A second alternative would characterize the imposition of post-release control as a technical amendment, the sort of ministerial change that does not alter the substance of [the petitioner's] sentence and thus does not create a new judgment. But calling post-release control a technical correction does not make it so. If an individual's sentence does not include post-release control, he is free from the State's oversight when his term of incarceration expires. . . . A sentence with post-release control, by contrast, "significantly confine[s] and restrain[s] his freedom" upon his release. *Jones*, 371 U.S. at 243, 83 S.Ct. 373. . . .

The centrality of post-release control to Ohio's sentencing scheme may explain why the General Assembly has ordered courts to inform defendants of their term of post-release control at sentencing. . . . It may explain why, for a time, the Ohio Supreme Court vacated defendants' entire sentences and ordered complete resentencing if the trial court failed to comply with the legislative mandate. *E.g.*, *State v. Bezak*, 114 Ohio St.3d 94, 868 N.E.2d 961, 963-64 (2007), *overruled in relevant part by State v. Fischer*, 128 Ohio St.3d 92, 942 N.E.2d 332 (Ohio 2010). And it may explain why the Ohio Supreme Court has held that a sentence that incorrectly omits post-release control may be corrected at any time during the inmate's prison term, even if the standard appeal period has run. *Fischer*, 942 N.E.2d at 339-41. . . . That court has summed up its holdings in this area by noting that "[t]he failure to impose a statutorily mandated period of postrelease control is more than [an] administrative or clerical error. It is an act that lacks both statutory and constitutional authority." *Fischer*, 942 N.E.2d at 339-40. Given the significant restraints that come with this period of state supervision, we agree. When a court alters a sentence to include post-release control, it substantially and substantively changes the terms under which an individual is held "in custody." 28 U.S.C. § 2254(a), (b)(1). That means it has created a new judgment for purposes of the second or successive assessment.

That leaves a third way to think about this case. Perhaps we could divide [the petitioner's] sentence into segments. The trial court imposed his term of

9

> imprisonment in 1998 and never vacated it. To the extent he challenges his imprisonment, we might say he is challenging the same judgment that he contested in his first habeas petition, meaning he must meet the second or successive requirements. To the extent he challenges his term of post-release control, however, he is challenging a new judgment imposed in 2014, meaning the second or successive strictures do not come into play. . . .
>
> The problem is, the federal habeas statute speaks of one "judgment," not many, per term of custody. 28 U.S.C. § 2254(a), (b)(1); *Rashad v. Lafler*, 675 F.3d 564, 568 (6th Cir. 2012). That singular noun is consistent with *Magwood*'s understanding of the word "application," which suggests that each habeas application corresponds to one, just one, judgment, namely the judgment that authorizes the petitioner's current custody. *See* 561 U.S. at 330-36, 130 S.Ct. 2788. [The third alternative] would require us to split a single judgment into multiple mini-judgments, each of which would serve as a distinct baseline for purposes of the second or successive inquiry. We would then have to assess each claim in a habeas petition separately, determining whether it attacked the reinstated portion of the judgment or the newly imposed portion, and we would have to subject the former claims to the second or successive requirements while exempting the latter from them. (We might have to split habeas petitions even more finely, dividing a single claim that attacks both parts of the judgment into two distinct claims, only one of which would have to overcome the second or successive bar. *See King*, 807 F.3d at 158.) This is the sort of claim-by-claim analysis that *Magwood* condemns. *See* 561 U.S. at 330-36, 130 S.Ct. 2788. Because we must apply the term "second or successive" to the application as a whole, not to individual claims within it, *Magwood* precludes us from adopting [the third] approach in the second or successive context.

*Id.* at 416-18.

In this case, as in *In re Stansell*, the trial court held the limited resentencing hearing to make changes regarding certain conditions of post-release control. In *In re Stansell*, the Sixth Circuit explicitly rejected the approach relied on by the undersigned in the February 10, 2016 Report and Recommendation in distinguishing the instant case from *King* and *Askew*, by finding such alterations to the sentence are not mere "technical" corrections but rather "create a new judgment for purposes of the second or successive bar" because they "substantially and substantively change[] the terms under which an individual is held 'in custody.'" *See id.* at 417-

10

18, 419.[2] The Sixth Circuit also explicitly rejected the approach of dividing petitioner's sentence into segments, which was apparently employed by the district court in this case when it transferred only the claims alleged in Grounds Two and Four, which pertain to the undisturbed judgment of conviction entered in 2008, and allowed the claims alleged in Grounds One and Three, which pertain to petitioner's later resentencing, to remain pending with this Court. *See id.* at 418. Given the Sixth Circuit's adjudication in *In re Stansell* of the issues involved in this case, it is now clear that the trial court's February 18, 2015 Amended Judgment of Conviction Entry was an intervening "new judgment" and, therefore, the instant second-in-time petition is not subject to the second or successive requirements set forth in 28 U.S.C. § 2244(b). Because the Sixth Circuit has held that a "new judgment" permits the petitioner "to challenge the original conviction," as well as the intervening new judgment, "without clearing the second-or-successive hurdles," *see King*, 807 F.3d at 159, petitioner should be allowed to pursue relief on all grounds for relief set forth in his petition, including the claims alleged in Grounds Two and Four challenging the undisturbed judgment of conviction.

For the foregoing reasons, it is **RECOMMENDED** that petitioner be permitted to proceed in this case on all four grounds for relief alleged in the instant federal habeas corpus petition. (*See* Doc. 1). Because the ineffective-assistance-of-counsel claim alleged in Ground Four should be allowed to proceed, it is **FURTHER RECOMMENDED** that petitioner's motion to amend the petition to include an additional argument in support of that claim (Doc. 27)

---

[2] Unlike *In re Stansell*, the instant case does not involve the failure to impose a term of post-release control at all. However, it appears that substantive changes were made to the original sentencing entry regarding the conditions of post-release control because petitioner was advised for the first time on resentencing about the potential for his placement on post-release control with respect to the perjury and forgery charges and that he would be subjected to a "mandatory, rather than potential, five year period of post-release control" based on his conviction for selling unregistered securities. (*See* Doc. 10, Ex. I-3, at PAGEID#: 117-20).

be **GRANTED**.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner be permitted to proceed on all four grounds for relief alleged in his habeas corpus petition filed pursuant to 28 U.S.C. § 2254 in light of the Sixth Circuit's decision in *In re Stansell*, 828 F.3d 412 (2016), which made it clear that the instant petition is not successive within the meaning of 28 U.S.C. § 2244(b) and, therefore, none of petitioner's claims should have been transferred to the Sixth Circuit.

2. Petitioner's motion to amend the petition to include an additional argument in support of the ineffective-assistance-of-counsel claim alleged in Ground Four (Doc. 27) be **GRANTED**.

### IT IS THEREFORE ORDERED THAT:

Respondent shall file a return of writ in accordance with this Court's "Order For Answer" filed on June 8, 2015 (*see* Doc. 2) responding to the allegations made in the petition, as amended (*see* Docs. 1, 27), within **forty (40) days** from the date of filing of this Order and Report and Recommendation.

s/Stephanie K. Bowman<br>
Stephanie K. Bowman<br>
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERRY ROSE,  
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,  
    Respondent.

Case No. 1:15-cv-353

Black, J.  
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc