# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JERRY R. ROSE,
      Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
      Respondent.

Case No. 1:15-cv-353

Black, J.
Bowman, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

      Petitioner, a state prisoner, has filed a pro se petition (Doc. 1) and amended petition (Doc. 27) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, as amended (Docs. 1, 27), petitioner's motion to amend the petition a second time "to include an additional argument in support of the ineffective-assistance-of-counsel claim in Ground Four" (Doc. 33, at PageID 281), respondent's opposition to the motion to amend (Doc. 34), petitioner's reply (Doc. 36), respondent's return of writ (Doc. 44), petitioner's traverse to the return of writ (Doc. 45), and petitioner's motion for preliminary injunction (Doc. 46).

## I.      BACKGROUND

      The facts and procedural history of this case, having been fully set forth in prior decisions of this Court (*see* Doc. 15, at PageID 182-84); *see also Rose v. Warden*, Case No. 1:14-cv-308 (S.D. Ohio) (Dlott, J.; Litkovitz, M.J.) (Doc. 10), are summarized below.

      In July 2007, after petitioner waived his right to prosecution by indictment, the Butler County, Ohio, Prosecuting Attorney filed a bill of information with the Butler County Court of Common Pleas charging petitioner with one count of sale of unregistered security in violation of

Ohio Rev. Code § 1707.44(C)(1) (Count 1); one count of perjury in violation of Ohio Rev. Code § 2921.11 (Count 2); and one count of forgery in violation of Ohio Rev. Code § 2913.31(A)(3) (Count 3). (Doc. 43, Exs. 1-2, at PageID 315-16, 318-19). Petitioner was convicted following entry of a guilty plea (*id.*, Ex. 3, at PageID 320-22) and was sentenced to an aggregate prison term of twenty (20) years (*id.*, Ex. 4, at PageID 323-24). *See State v. Rose*, Case No. CA2010-03-059, 2010 WL 4721244, at *1 (Ohio Ct. App. Nov. 22, 2010). Petitioner was also ordered to pay restitution, totaling $17,759,141.11, to victims injured by his illegal activities. (Doc. 43, Ex. 4, at PageID 323-32).

Petitioner's trial counsel filed a timely notice of appeal to the Ohio Court of Appeals, Twelfth Appellate District, on petitioner's behalf. (*Id.*, Ex. 5, at PageID 333-34). Different counsel was appointed to represent petitioner on direct appeal. *See Rose*, Case No. 1:14-cv-308 (Doc. 10, at PageID 1024). However, in November 2008, petitioner moved to have his attorney removed. (*See id.*). In February 2009, petitioner filed a *pro se* appellate brief, raising only two assignments of error challenging the imposition of maximum consecutive sentences. (*See id.*) On October 19, 2009, the Ohio Court of Appeals found no merit to petitioner's arguments and affirmed the trial court's judgment. (*See id.*).

Petitioner did not pursue a timely appeal to the Ohio Supreme Court. However, over five months later, on March 30, 2010, the attorney who had been removed as petitioner's counsel on direct appeal, filed a notice of appeal and motion for delayed appeal on petitioner's behalf with the Ohio Supreme Court, which was granted. (*See id.*). In the memorandum in support of jurisdiction that was subsequently filed, petitioner asserted the following claim as the sole proposition of law: "In order for a court to impose a non-minimum or consecutive sentence, it

must first find that imposition of a minimum sentence demeans the seriousness of the offense or otherwise violates the law." (*See id.*) (quoting the record). Thereafter, on August 25, 2010, the Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (*See id.*, at PageID 1024-25) (quoting the record). Petitioner's attempts at post-conviction relief were unsuccessful. (*See id.*, at PageID 1025-30) (detailing petitioner's post-conviction proceedings).

On April 14, 2014, petitioner filed his initial federal habeas corpus petition pursuant to 28 U.S.C. § 2254 raising three grounds challenging his underlying sentence and the denial of his request for resentencing. (*See id.*) (Doc. 1). The petition was dismissed on statute-of-limitations grounds on May 22, 2015. (*See id.*) (Docs. 10, 23, 24).

In the meantime, petitioner filed, on May 28, 2014, a *pro se* "Motion for Resentencing of Void Judgment" with the state trial court. *See Rose*, Case No. 1:15-cv-353 (Doc. 43, Ex. 57, at PageID 962-64). On September 26, 2014, the trial court granted petitioner's motion in part, finding that a "limited resentencing hearing" was appropriate solely for the purpose of (1) advising "the Defendant of the possibility that community service could be imposed upon the Defendant should he fail to pay court costs"; (2) advising "the Defendant that he could be placed on post-release control for his convictions in Counts Two and Three of this case"; and (3) "unequivocally" advising "the Defendant that there is a mandatory, rather than potential, five year period of post-release control for the Defendant's conviction in Count One." (*See id.*, Ex. 60, at PageID 982). The resentencing hearing was held on December 29, 2014, and on February 18, 2015, the trial court issued an Amended Judgment of Conviction Entry advising petitioner of the matters set forth in the September 26, 2014 order and imposing the same aggregate twenty-

year prison term. (*Id.*, at PageID 982-85). Petitioner subsequently filed a motion for leave to appeal the trial court's February 18, 2015 entry. The trial court denied that motion on March 26, 2015, on the ground that petitioner, who had "previously been declared a vexatious litigator," failed to provide a sufficient reason to grant leave to appeal "since this matter was previously sustained on appeal, and Defendant was only brought back before the court to address the issues of post release control and community service in lieu of court costs." (*Id.*, Ex. 61, at PageID 986). Petitioner apparently attempted to appeal the trial court's decision to the Supreme Court of Ohio, but his "documents were not filed" because "a court of appeals' decision [was] not attached to the memorandum in support of jurisdiction as is required by Rule 7.02(D)" of the Rules of Practice of the Supreme Court of Ohio. (*See* Doc. 10, Ex. L-2, at PageID 143; *see also* Doc. 1, at PageID 2).

In the instant petition, filed in May 2015, petitioner brought four new grounds challenging his underlying conviction and sentence:

**GROUND ONE:** DUE PROCESS AND EQUAL PROTECTION

Supporting facts: Prior to the re-sentencing on 10/20/2014, Petitioner filed a pre-sentence motion to withdraw his plea for the litany of contrarian statutes and fraud as presented. The lower court continued the 10/20/14, re-sentencing hearing, and on 12/29/14, and denied Petitioner his right to address the court and did not docket the motion as served and filed on 10/17/14.

**GROUND TWO:** DUE PROCESS AND EQUAL PROTECTION AND DOUBLE JEOPARDY

Supporting facts: The lower court failed to comply with the legislative mandates and strict compliance with Criminal Rule 11 at the plea hearing.

**GROUND THREE:** DUE PROCESS AND EQUAL PROTECTION

Supporting facts: The lower court amended a void judgment that was allegedly a

4

valid final judgment. The court continued in their prejudice and did not allow an appeal of right contrary to the language of the amended judgment entry "advising Petitioner of his right to appeal." Moreover, the lower court found Petitioner indigent without any mandated hearing for restitution and/or fines.

**GROUND FOUR:** INEFFECTIVE ASSISTANCE OF COUNSEL

Supporting facts: At all critical stages, Petitioner was denied effective assistance of counsel. Petitioner per counsel, pled to charges that have no factual basis under Ohio law. Counsel likewise at the plea hearing ignored the absence of statutory authority to impose the charges including the unambiguous fraud by the general partners. Appellate counsel failed to recognize the obvious infringements and statutory language, including the failure to timely file the post conviction relief.

(Doc. 1).

In response, respondent filed a motion to transfer the petition to the United States Court of Appeals for the Sixth Circuit as a "second or successive" petition in accordance with 28 U.S.C. § 2244(b)(3). (Doc. 4). On February 10, 2016, the undersigned issued a Report and Recommendation to grant respondent's motion. (Doc. 15). The court's recommendation was based on the determination that the trial court's February 18, 2015 Amended Judgment of Conviction Entry did not constitute an intervening "new judgment" that would render the instant petition non-successive under the Supreme Court's decision in *Magwood v. Patterson*, 561 U.S. 320, 331-39 (2010), and the Sixth Circuit's decision in *King v. Morgan*, 807 F.3d 154, 159 (6th Cir. 2015). (Doc. 15, at PageID 187-91). On March 22, 2016, the district court issued an Order adopting the Report and Recommendation to the extent that the claims challenging petitioner's underlying conviction, which were alleged in Grounds Two and Four of the petition, were deemed to be "successive" and subject to transfer to the Sixth Circuit. (Doc. 19, at PageID 208).

However, the district court overruled the Report and Recommendation and denied

respondent's motion to transfer with respect to the claims alleged in Grounds One and Three because they "relate[d] to the resentencing hearing." (Doc. 19, at PageID 208-09). On August 22, 2016, the Sixth Circuit issued an Order denying petitioner's "application to file a second or successive § 2254 habeas corpus petition" after petitioner filed a corrected application seeking to raise a claim that "[t]he charges as set forth are in non-compliance with the legislature as Petitioner did not violate the charges contrary to counsel's advice at the plea." (Doc. 26).

Although it thus appeared that petitioner was unable to proceed at that juncture on his claim challenging the effectiveness of his trial counsel, the undersigned was troubled about the propriety of the decision to transfer two of petitioner's grounds for relief to the Sixth Circuit as "successive" in light of Sixth Circuit case-law that developed following the issuance of the February 10, 2016 Report and Recommendation to grant respondent's motion to transfer and the March 22, 2016 Order and Judgment adopting in part the Report and Recommendation. On July 1, 2016, the Sixth Circuit issued *In re Stansell*, 828 F.3d 412 (6th Cir. 2016), which made it clear that the resentencing entry in this case created a "new judgment" and that, therefore, petitioner's second-in-time petition was not subject to the requirements for successive petitions that are set forth in 28 U.S.C. § 2244(b). In a subsequent June 12, 2017 Report and Recommendation (Doc. 31), which the district court adopted on September 20, 2017 (Docs. 40, 41), the undersigned therefore recommended that petitioner be permitted to proceed in this case on all four grounds for relief alleged in the instant federal habeas corpus petition (Doc. 1) and that petitioner's then pending first motion to amend his petition (Doc. 27) be granted.[1]

---

[1]Petitioner sought leave to add an additional argument for relief based on "the recent ruling of the United States Supreme Court" in *Luis v. United States*, 136 S.Ct. 1083 (2016),

In a second motion to amend, filed on June 22, 2017 (Doc. 33), petitioner now seeks

leave to amend Ground Four a second time to allege that counsel performed ineffectively by:

> 1) Advising Petitioner to release all "original" documents without copying to the State in the absence of <u>any</u> indictment;

> 2) Advising Petitioner to waive an indictment despite the State's failure to obtain one;

> 3) Advising Petitioner to "knowingly, voluntarily, and intelligently" plea to charges that are <u>not</u> felonies in the State of Ohio, including "intelligently" pleading to erroneous language concerning post-release control;

> 4) Failing to subpoena <u>any</u> general partner or the brokerage firm, Raymond James Financial Services;

> 5) Advising Petitioner to forfeit his "untainted" assets, including his legal business enterprises;

> 6) Refusing to investigate the general partners and counsel's former secretary for fraud;

> 7) Continued submissions of "untimely" post-conviction motions that were ruled meritless.

(Doc. 33, at PageID 281-82).

Respondent has filed an opposition to petitioner's second motion to amend. (Doc. 34).

Nevertheless, respondent addresses petitioner's new claims in the return of writ. (Doc. 44).

## II.     PETITIONER'S SECOND MOTION TO AMEND IS GRANTED.

As set forth above, petitioner has filed a second motion to amend the ineffective-

assistance-of-counsel claims set forth in Ground Four. (*See* Doc. 33). Amendments to

habeas corpus petitions are governed by Rule 15 of the Federal Rules of Civil Procedure.

---

which petitioner asserted, "unambiguously supported [his] claim of ineffective assistance of counsel." (Doc. 27).

*See* 28 U.S.C. § 2242; *see also* Rule 12 of the Rules Governing Section 2254 Cases

(stating that "[t]he Federal Rules of Civil Procedure, to the extent that they are not

inconsistent with . . . these rules, may be applied to a proceeding under these rules.").

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may

amend its pleading only with the opposing party's written consent or the court's leave,"

and that "[t]he court should freely give leave when justice so requires."  The Court of

appeals for the Sixth Circuit has held:

> Under Rule 15(a), leave to amend a pleading shall be freely given when justice so requires.  This court has explained the factors that a district court should consider when deciding whether to grant leave to amend.  Several elements may be considered in determining whether to permit an amendment.  Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision.  Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130

(6th Cir. 1994)).  A district court's decision whether to grant a motion to amend the petition

pursuant to Fed.R.Civ.P. 15(a) generally is reviewed for an abuse of discretion.  *Parry v.*

*Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000).

This Court has considered the factors set forth in *Coe* and determines that it does not

appear that the proposed amendments to Ground Four will cause such undue prejudice to

respondent or such undue delay to these proceedings as to make the amendment ill-advised.  *See*

*Coe*, 161 F.3d at 341-42.  The Court is satisfied that it is in the interests of justice to allow

petitioner's proposed second amendment to his petition.   Accordingly, petitioner's second

motion to amend his petition (Doc. 33) is hereby **GRANTED.**

## III.    PETITIONER'S HABEAS PETITION, AS AMENDED, SHOULD BE DENIED.

In this federal habeas case, the applicable standard of review governing the adjudication

of the constitutional claims that were raised to and decided by the Ohio courts is set forth in 28

U.S.C. § 2254(d).  Under that provision, a writ of habeas corpus may not issue with respect to

any claim adjudicated on the merits by the state courts unless the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established federal law, as determined by the United States
> Supreme Court; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at

a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state

court decides a case differently than [the Supreme] Court has on a set of materially

indistinguishable facts." *Otte v. Houk,* 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v.*

*Taylor,* 529 U.S. 362, 412-13 (2000)).  "A state court's adjudication only results in an

'unreasonable application' of clearly established federal law when 'the state court identifies the

correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies

that principle to the facts of the prisoner's case.'" *Id.* at 599-600 (quoting *Williams,* 529 U.S. at

413).

The statutory standard, established when the Antiterrorism and Effective Death Penalty

Act of 1996 (AEDPA) was enacted, is a difficult one for habeas petitioners to meet.  *Id.* at 600.

As the Sixth Circuit explained in *Otte*:

> Indeed, the Supreme Court has been increasingly vigorous in enforcing AEDPA's standards. *See, e.g., Cullen v. Pinholster,* [563] U.S. [170], 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (holding that AEDPA limits a federal habeas court to the record before the state court where a claim has been adjudicated on the merits by the state court). It is not enough for us to determine that the state court's determination is *incorrect*; to grant the writ under this clause, we must hold that the state court's determination is *unreasonable*. . . . This is a "substantially higher threshold.". . . To warrant AEDPA deference, a state court's "decision on the merits" does not have to give any explanation for its results, *Harrington v. Richter,* [562] U.S. [86, 98-99], 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011), nor does it need to cite the relevant Supreme Court cases, as long as "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam).

*Id.* (emphasis in original). The Supreme Court has further held that when a state court rules against a defendant in an opinion that "addresses some issues but does not expressly address the federal claim in question," the federal habeas court must presume, subject to rebuttal, that the federal claim was "adjudicated on the merits" and thus subject to the "restrictive standard of review" set out in § 2254(d). *See Johnson v. Williams*, 568 U.S. 289, 293 (2013).

Although the standard is difficult to meet, § 2254(d) "stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings" and "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington*, 562 U.S. at 102. In other words, to obtain federal habeas relief under that provision, the state prisoner must show that the state court ruling on the claim presented "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

The Supreme Court has made it clear that in assessing the merits of a constitutional claim

under § 2254(d), the federal habeas court must apply the Supreme Court precedents that controlled at the time of the last state-court adjudication on the merits, as opposed to when the conviction became "final." *Greene v. Fisher*, 565 U.S. 34, 40 (2011); *cf. Otte,* 654 F.3d at 600 (citing *Lockyer v. Andrade,* 538 U.S. 63, 71-72 (2003)) (in evaluating the merits of a claim addressed by the state courts, the federal habeas court must "look to Supreme Court cases already decided at the time the state court made its decision"). The writ may issue only if the application of clearly-established federal law is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000) (citing *Williams,* 529 U.S. at 412); *see also White v. Woodall,* __ U.S. __, 134 S.Ct. 1697, 1702 (2014) (quoting *Howes v. Fields*, 565 U.S. 499, 505 (2012) (internal citation and quotation marks omitted)) ("[C]learly established Federal law' for purposes of § 2254(d)(1) includes 'only the holdings, as opposed to the dicta, of this Court's decisions."). Decisions by lower courts are relevant only "to the extent [they] already reviewed and interpreted the relevant Supreme Court case law to determine whether a legal principle or right had been clearly established by the Supreme Court." *Otte*, 654 F.3d at 600 (quoting *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)).

### A.    Ground One

In Ground One, petitioner asserts that, on October 17, 2014, prior to his resentencing, he filed a motion to withdraw his guilty plea. (*See* Doc. 1, at PageID 5). Petitioner asserts that the trial court violated his right to due process when it did not docket or allow him to argue the motion. (*Id.*). Respondent asserts that Ground One is non-cognizable on federal habeas review, (Doc. 44, at PageID 1367), and the undersigned

agrees.

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). *See also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) ("We have long recognized that a 'mere error of state law' is not a denial of due process.") (quoting *Gryger v. Burke*, 334 U.S. 728, 731 (1948)).

A state defendant has no federal constitutional right, or absolute right under state law, to withdraw a guilty plea. *See, e.g.*, *Dickey v. Warden, Lebanon Corr. Inst*., No. 1:08cv819, 2010 WL 92510, at *1, *8 (S.D. Ohio Jan. 6, 2010) (Beckwith, J.; Black, M.J.) (and numerous cases cited therein); *see also Cline v. Kelly*, No. 1:09cv859, 2010 WL 1006529, at *5 & n.7 (N.D. Ohio Mar. 16, 2010) (citing *United States v. Woods*, 554 F.3d 611, 613 (6th Cir. 2009); *Xie v. Edwards*, No. 93-4385, 1994 WL 462143, at *2 (6th Cir. Aug. 25, 1994)). Instead, "the decision whether to permit a defendant to withdraw a guilty plea is committed to the trial court's discretion, which generally is not a basis for federal habeas relief." *Dickey*, *supra*, 2010 WL 92510, at *8 (citing *United States ex rel. Scott v. Mancusi*, 429 F.2d 104, 109-10 (2nd Cir. 1970), *cert. denied*, 402 U.S. 909 (1971)); *cf. Cline*, *supra*, 2010 WL 1006529, at *5 (finding that the magistrate judge had "correctly concluded" that "whether a state court grants a motion to withdraw a guilty plea is a matter of state law not cognizable on federal habeas review"). Similarly, the decision whether to hold a hearing on a motion to withdraw a guilty plea does not present a cognizable federal habeas claim. *See, e.g.*, *Moorer v. Warden, Marion Corr. Facility*, No. 1:11-cv-1079, 2012 WL 3579645, at *4 (N.D. Ohio July 23, 2012) (Report &

Recommendation) ("[A] criminal defendant has no constitutional right to an evidentiary hearing on a motion to withdraw a guilty plea.") (citing *Hines v. Miller*, 318 F.3d 157, 162 (2d Cir. 2003), *adopted*, 2012 WL 3579612 (N.D. Ohio Aug. 17, 2012).

As such, Ground One is not subject to review in this federal habeas proceeding and should be denied.

## B.     Ground Two

In Ground Two, petitioner asserts that "[t]he lower court failed to comply with the legislative mandates and strict compliance with Criminal Rule 11 at the plea hearing." (Doc. 1, at PageID 7). Although Ground Two is pleaded sparsely, petitioner clarifies Ground Two in his Traverse to Respondent's Return of Writ. (Doc. 45). There, he states that his guilty plea was involuntary because "Petitioner erroneously plead [sic] to three charges that are not felonies under Ohio law," and the trial court failed, at his original sentencing hearing, to provide "notification to Petitioner regarding post-release control." (Doc. 45, at PageID 1392). Respondent asserts that Ground Two is procedurally defaulted because petitioner failed to challenge the voluntariness of his guilty plea on direct appeal (Doc. 44, at PageID 1367-68, 1373-74), and, in any event, "[t]he transcript [from the plea colloquy] establishes that [petitioner's] guilty plea was voluntary" (Doc. 44, at PageID 1367).

"'[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits,' especially where the procedural default issue is 'complicated' and 'is unnecessary to [the] disposition of the case.'" *Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008) (quoting *Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (alteration in original)). The claims in Ground

Two do not warrant federal habeas relief for the reasons below.  The undersigned therefore elects to overlook any procedural default of the claims alleged in Ground Two.

As an initial matter, to the extent that petitioner bases the claims in Ground Two on the trial court's alleged failure to follow Ohio Criminal Rule 11 in accepting his guilty plea, Ground Two should be dismissed as a non-cognizable state-law claim.  *See Estelle*, 502 U.S. at 68; *see also Lewis*, 497 U.S. at 780; *Engle*, 456 U.S. at 121 n.21.

Moreover, to the extent Ground Two raises a federal constitutional violation, it is still, at least in part, not cognizable on federal habeas review.  To the extent that petitioner asserts that he "erroneously plead [sic] to three charges that are not felonies under Ohio law," the substance of his claim is that there was an insufficient factual basis for his plea.  Such a claim is not cognizable on federal habeas corpus review.  *See, e.g.*, *Bonior v. Conerly*, 416 F. App'x 475, 478 (6th Cir. 2010) (finding that "there is no constitutional requirement that a trial judge inquire into the factual basis of a plea") (quoting *Roddy v. Black*, 516 F.2d 1380 (6th Cir. 1975)).  In any event, by entering a guilty plea, petitioner forfeited his right to challenge his convictions based on the sufficiency of evidence.  *See United States v. Martin,* 526 F.3d 926, 933 (6th Cir. 2008) (finding that the defendant "waived his right to appeal the sufficiency of evidence supporting his conviction by entering a guilty plea that did not reserve the issue for appeal").

Next, to the extent that petitioner asserts that the trial court failed to properly advise him of post-release control, the undersigned presumes that petitioner seeks to reassert the challenges to post-release control that he raised in his 2014 Motion for Resentencing of Void Judgment. (*See* Doc. 43, Ex. 57, at PageID 962-65).  There, petitioner asserted, in relevant part, that the trial court "rendered a void judgment at sentencing when the trial court failed to properly address post

14

release control as to counts two and three . . . [and] journalized 'up to five (5) years' post release control as to count one, which is a 'mandatory five (5) year' sanction." (*See id.*, at PageID 963). For the reasons below, the undersigned finds that any failure of the trial court to correctly inform petitioner regarding post-release control did not render his plea involuntary.

The Fourteenth Amendment's Due Process Clause guarantees that a guilty plea must be made voluntarily and intelligently with sufficient awareness of the relevant circumstances and likely consequences. *Boykin v. Alabama,* 395 U.S. 238, 242 (1969); *see also Brady v. United States,* 397 U.S. 742, 748 (1970); *King v. Dutton,* 17 F.3d 151, 153 (6th Cir. 1994). "[A] plea does not qualify as intelligent unless a criminal defendant first receives 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Smith v. O'Grady,* 312 U.S. 329, 334 (1941)). In *Brady,* the Supreme Court adopted the following standard for determining the voluntariness of a guilty plea:

> [A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

*Brady,* 397 U.S. at 755 (quoting *Shelton v. United States,* 246 F.2d 571, 572 n.2 (5th Cir. 1957) (en banc), *rev'd on other grounds,* 356 U.S. 26 (1958)). The voluntariness of a guilty plea must be assessed in light of all the relevant circumstances surrounding the plea. *Brady,* 397 U.S. at 749; *King,* 17 F.3d at 153 (and cases cited therein).

For a guilty plea to be deemed voluntarily entered with a "sufficient awareness of the relevant circumstances and likely consequences," the defendant must be correctly informed of the maximum sentence that could be imposed. *King,* 17 F.3d at 154; *Hart v. Marion Corr. Instit.,* 927 F.2d 256, 259 (6th Cir. 1991). In Ohio, defendants convicted of certain classified felonies are subject under Ohio Rev. Code § 2967.28 to a mandatory term of post-release control, which the Ohio Supreme Court has defined as "a period of supervision that occurs after a prisoner has served his or her prison sentence and is released from incarceration, during which the individual is subject to specific sanctions with which he or she must comply." *See State v. Clark*, 893 N.E.2d 462, 470 (Ohio 2008). Violations of post-release control conditions "may result in additional punishment, such as a longer period of control, more restrictions during the control period, or a prison term of up to nine months per violation, subject to a cumulative maximum of one-half of the original stated prison term." *Id.* The Ohio Supreme Court has held that a guilty plea cannot be accepted as validly entered unless the defendant, who faces additional punishment of up to fifty percent of the original sentence for violating post-release control conditions, is informed of the mandatory term of post-release control as "a part of the maximum penalty." *State v. Sarkozy*, 881 N.E.2d 1224, 1229 (Ohio 2008); *see also State v. Souris*, No. 24550, 2009 WL 2171200, at *2 (Ohio App. 9th Dist. July 22, 2009) ("Even if post-release control is discretionary, a defendant must be informed of the possibility of post-release control before a court may accept his plea.").

Although the defendant must be apprised of the "direct consequences" of the plea, the court is under no constitutional obligation to inform the defendant of all the possible "collateral consequences" of the plea. *King,* 17 F.3d at 153; *see also El-Nobani v. United States,* 287 F.3d

417, 421 (6th Cir. 2002). "When a defendant subsequently brings a federal habeas petition challenging his plea, the state generally satisfies its burden by producing a transcript of the state court proceeding." *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). As the Supreme Court noted in *Blackledge v. Allison,* 431 U.S. 63 (1977):

> [T]he representations of the defendant, his lawyer, and the prosecutor at [the guilty plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Id.* at 73-74 (internal citations omitted).

Petitioner has not demonstrated that his plea was entered unknowingly, involuntarily, or unintelligently. During petitioner's plea hearing, the trial court reviewed with petitioner the charges and maximum penalties associated with the offenses. (Doc. 43-1, at PageID 1025-38). Petitioner affirmed that he understood the charges and maximum penalties he faced. (*See id*.). Petitioner further affirmed that he read over his entry of plea of guilty and jury-waiver form and reviewed them with his attorney. (*See id*. at PageID 1031-33). The trial court also reviewed with petitioner the constitutional rights that he would waive by entering his guilty plea. Petitioner indicated that he understood that he had a right to a jury trial, to call and compel witnesses to testify on his behalf, to cross examine adverse witnesses, that he could not be forced to testify against himself, and that the state was required to prove that he was guilty beyond a reasonable doubt. (*Id.* at PageID 1031-32, 1039-41). Petitioner stated that no one had forced him to enter a guilty plea or made any promises in exchange for his plea. (*Id*., at 1038). Finally, petitioner indicated that he had an opportunity to consult with his attorney and that he was

17

satisfied with his advice. (*Id.*, at PageID 1026, 1038).

Applying these principles, this Court has previously rejected a claim that the failure of the trial court to correctly inform a petitioner regarding post-release control rendered a plea involuntary. *See Myers v. Warden, Warren Corr. Inst.*, No. 1:10-cv-343, 2011 WL 7039933, at *7-9 (S.D. Ohio Aug. 9, 2011) (Report & Recommendation), *adopted*, 2012 WL 122568 (S.D. Ohio Jan. 17, 2012). Here, as in *Myers*, "it is highly unlikely that [any] misinformation regarding post-release control influenced or was even considered by petitioner in deciding whether or not to plead guilty." *Id*. at *10.

During the plea colloquy, the trial court explained to petitioner: "[I]f you're sentenced to a prison term for a felony one . . . after your prison release, you will have five years of post-release control under conditions to be determined by the adult parole authority or the parole board." (Doc. 43-1, at PageID 1036). Petitioner was also informed of the mandatory five-year post-release-control term on Count One in the entry of plea of guilty petitioner signed prior to his plea hearing. (*See* Doc. 43, at PageID 321; see also Doc. 43-1, at PageID 1032-33 (containing petitioner's assurances during the plea hearing that he signed the entry of plea after reviewing and discussing it with counsel). Similarly, the entry of plea advised petitioner that he would be subject to discretionary post-release control on Counts Two and Three. (*See* Doc. 43, at PageID 321). Petitioner has not established that he was misled about the sentence that he faced.

Accordingly, Ground Two should be denied.

**C.      Ground Three**

In Ground Three, petitioner states:

The  lower  court  amended  a  void  judgment  that  was  allegedly  a  valid  final

judgment. The court continued in their prejudice and did not allow an appeal of right contrary to the language of the <u>amended</u> judgment entry "advising Petitioner of his right to appeal." Moreover, the lower court found Petitioner indigent without any mandated hearing for restitution and/or fines.

(Doc. 1, at PageID 8) (emphasis in original). Respondent asserts that Ground Three is not cognizable on federal habeas review.

The undersigned agrees with respondent, at least in part, that Ground Three raises issues that are not cognizable on federal habeas review. To the extent that petitioner challenges the trial court's authority to issue an Amended Judgment of Conviction Entry (*see* Doc. 43, at PageID 982), Ground Three presents an issue of state law, which is not cognizable on federal habeas review. *See, e.g.*, *Hopkins v. Tate*, No. 89-3055, 1989 WL 63271, at *1 (6th Cir. June 14, 1989) ("[T]he alleged failure of the chairman of the Parole Authority to hear the appeal raises only an issue of state law. A federal court may not issue a writ of habeas corpus based on perceived errors of state law.") Further, petitioner's challenge to the trial court's finding that he is indigent is not cognizable on federal habeas review. *See, e.g.*, *Washington v. McQuiggin*, 529 F. App'x 766, 772 (6th Cir. 2013) (explaining that "fines or restitution orders fall outside the scope of the federal habeas statute because they do not satisfy the 'in custody' requirement of a cognizable habeas claim") (citing cases).

However, to the extent that petitioner argues that the trial court's denial of his motion for leave to appeal the Amended Judgment of Conviction Entry (*see* Doc. 43, at PageID 986) violates his right to due process, petitioner appears to raise a cognizable claim. *See Evitts v. Lucey*, 469 U.S. 387, 400-01 (1985) (finding that, although there is no constitutional right to an appeal, once the state grants the right of appeal, it must "act in accord with the dictates of the

19

Constitution-and, in particular, in accord with the Due Process Clause" of the Fourteenth Amendment). Nevertheless, petitioner has failed to show that Ohio's vexatious-litigator statute violates due process. *See, e.g.*, *Starks v. Sheldon*, No. 12-cv-191, 2013 WL 3992592, at *54 (N.D. Ohio Aug. 5, 2013) (finding similar provision addressing vexatious practice in the Ohio Supreme Court did not violate due process) (citing *Mayer v. Bristow*, 740 N.E.2d 656, 666 (Ohio 2000) (noting that "an original action in mandamus is an appropriate means by which the vexatious litigator could effectively challenge arbitrary denials of leave."); *Bozsik v. Bradshaw*, No. 1:03-cv-1625, 2010 WL 7702230, at *38-*39 (N.D. Ohio June 4, 2010) (finding nothing "inherently improper in restricting non-meritorious, vexatious, or repetitive filings if such an order is based upon reasonable grounds and does not prohibit the filing of legitimate claims")).

Accordingly, Ground Three should be denied.

### D.     Ground Four

In Ground Four, as amended (*see* Docs. 1, 27, 33), petitioner challenges the effectiveness of trial and post-conviction counsel. Respondent contends that petitioner has failed to present the claims in Ground Four to the state courts and may still do so in the form of a successive post-conviction petition or a delayed Ohio App. R. 26(B) motion to re-open his direct appeal. (*See* Doc. 44, at PageID 1375-81).

Generally, habeas petitioners must exhaust state remedies before raising their claims in federal court. 28 U.S.C. § 2254 (B)(1). However, the exhaustion requirement is not a jurisdictional limitation. *Pudelski v. Wilson*, 576 F.3d 595, 606 (6th Cir. 2009). 28 U.S.C. § 2254(b)(2) "gives the district court the alternative of simply denying a petition containing unexhausted but non-meritorious claims." *Duncan v. Walker*, 533 U.S. 167, 183 (2001)

(Stevens, J., concurring). Petitioner's ineffective-assistance-of-counsel claims do not warrant federal habeas relief for the reasons below. The undersigned therefore elects to overlook any failure of petitioner to exhaust state remedies for the claims alleged in Ground Four.[2]

To establish ineffective assistance of counsel, a petitioner must demonstrate: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). In the guilty-plea context, to satisfy the second prong, a petitioner "must show that there is a reasonable probability that but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Counsel is "strongly presumed" to have "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Here, because petitioner has not established that counsel's performance was deficient for the reasons below, the Court need not consider the prejudice prong of the *Strickland* analysis. *See, e.g.*, *Bagnoli v. United States*, No. 95-5731, 1995 WL 730482, at *2 (6th Cir. 1995).

In Ground Four, as amended, petitioner asserts that counsel performed ineffectively by:

1) Advising Petitioner to release all "original" documents without copying to the State in the absence of <u>any</u> indictment;

2) Advising Petitioner to waive an indictment despite the State's failure to obtain one;

---

[2]Further, it appears that petitioner did raise some ineffective-assistance-of-counsel claims in the state courts during his post-conviction proceedings. *See Rose*, Case No. 1:14-cv-308 (Doc. 10, at PageID 1025-30). This Court need not determine whether the claims in Ground Four are subject to a procedural bar, however, because none of the claims warrant habeas relief. *See* 28 U.S.C. § 2254(b)(2); *Mahdi*, 522 F.3d at 635.

3) Advising Petitioner to "knowingly, voluntarily, and intelligently" plea to charges that are not felonies in the State of Ohio, including "intelligently" pleading to erroneous language concerning post-release control;

4) Failing to subpoena any general partner or the brokerage firm, Raymond James Financial Services;

5) Advising Petitioner to forfeit his "untainted" assets, including his legal business enterprises;

6) Refusing to investigate the general partners and counsel's former secretary for fraud;

7) Continued submissions of "untimely" post-conviction motions that were ruled meritless.

(Doc. 33, at PageID 281-82).

As an initial matter, sub-claims one and two relate to pre-plea matters. As discussed above in Ground Two, petitioner's guilty plea was entered into knowingly, voluntarily, and intelligently. "[P]re-plea ineffective assistance of counsel claims are waived" by the entry of a knowing, voluntary and intelligent plea *See, e.g., United States v. Stiger*, 20 F. App'x 307, 309 (6th Cir. 2001) (citing *Untied States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992)). Sub-claims one and two are therefore waived.

In sub-claim three, petitioner asserts that trial counsel performed ineffectively by advising him to plead guilty to "charges that are not felonies in the State of Ohio, including 'intelligently' pleading to erroneous language concerning post-release control." (Doc. 33, at PageID 282). Sub-claim three lacks merit. Given the evidentiary basis for petitioner's guilty plea, as recited by the State at petitioner's plea hearing (*see* Doc. 43-1, at PageID 1000-1008), and the absence of any indication that petitioner was misled by the term of post-release control that he faced in this case (*see* discussion regarding Ground Two, *supra*), petitioner has not shown

22

that counsel's advice to plead guilty was objectively unreasonable. Further, petitioner has not established that counsel overlooked a meritorious challenge to the charges. The trial court rejected petitioner's argument, advanced during post-conviction proceedings, that "he could not be guilty of sale of unregistered securities." (*See* Doc. 43, Ex. 32, at PageID 619-21). Further, by pleading guilty, petitioner "prevented the State from potentially bringing many other charges such as *Theft by Deception*, *Fraud in the Sale of Securities* and additional *Forgery* counts." (*See id.*, at PageID 620 n.3 (emphasis in original)). Sub-claim three is without merit.

In sub-claims four and six, petitioner asserts, respectively, that trial counsel was ineffective by "[f]ailing to subpoena <u>any</u> general partner or the brokerage firm, Raymond James Financial Services;" and by "refusing to investigate the general partners and counsel's former secretary for fraud." (Doc. 33, at PageID 282). Petitioner has not shown that counsel's performance was deficient in this regard. Counsel reasonably could have decided to forgo investigating the alleged wrongdoing of the brokerage firm or of the general partners for fear of uncovering information detrimental to petitioner. Moreover, to the extent that petitioner believes that such an investigation could have resulted in his facing a lesser amount of restitution (*see* Doc. 45, at PageID 1397) (contending that "every person who participated in or aided Petitioner in any way are jointly and severally liable for the full amount of loss in addition to court costs"), such a claim is not properly before the Court on federal habeas corpus. *See McQuiggin*, 529 F. App'x at 772.

In sub-claim five, petitioner asserts that counsel performed ineffectively by "[a]dvising Petitioner to forfeit his 'untainted' assets, including his legal business enterprises." (Doc. 33, at PageID 282). Federal courts may review an application for federal habeas corpus "'only on the

ground' that [the petitioner's] custody violates federal law." *Wilson v. Corcoran*, 562 U.S. 1, 17 (2010) (quoting 28 U.S.C. § 2254(a)). Even if petitioner could show that counsel's performance was deficient as to the issue of forfeiture, it is irrelevant to the issue of whether petitioner is in custody in violation of the Constitution. Sub-claim five thus is not cognizable on federal habeas review.

In sub-claim seven, petitioner raises a substantive post-conviction-counsel claim. Such a claim is without merit. "Because there is no constitutional right to an attorney in state post-conviction proceedings, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 725 (1991). Sub-claim seven thus is not cognizable on federal habeas review.[3]

Accordingly, in sum, petitioner's motion to amend his federal habeas petition a second time (Doc. 33) is **GRANTED**. Petitioner's federal habeas petition, as amended (Docs. 1, 27, 33), should be **DENIED** with prejudice. In light of the Court's recommendation to deny with prejudice petitioner's amended petition, petitioner's motion for preliminary injunction (Doc. 46) should also be **DENIED**.

### IT IS THEREFORE ORDERED THAT:

1.      Petitioner's motion to amend his federal habeas petition (Doc. 33) is **GRANTED**.

### IT IS THEREFORE RECOMMENDED THAT:

1.      The petition, as amended, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docs. 1, 27, 33) be **DENIED** with prejudice.

---

[3]Petitioner is also not entitled to relief based on *Luis v. United States*, 136 S. Ct. 1083 (2016), which he cites in his first motion to amend (Doc. 27). Petitioner makes no effort to apply *Luis* to the facts of this case. Moreover, for the reasons set forth herein, petitioner has not demonstrated that counsel's performance was deficient.

2.	In light of the Court's recommendation to deny with prejudice petitioner's amended habeas petition, petitioner's motion for preliminary injunction (Doc. 46) be **DENIED.**

3.	A certificate of appealability should not issue with respect to the claim alleged in the petition, which this Court has concluded is waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[4]  In addition, a certificate of appealability should not issue with respect to the claim addressed alternatively on the merits herein in the absence of a substantial showing that petitioner has stated a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further." *See Slack*, 529 U.S. at 475 (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

4.	With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


			*s/ Stephanie K. Bowman*
			Stephanie K. Bowman
			United States Magistrate Judge

---

[4]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief.  *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JERRY R. ROSE,                                          Case No. 1:15-cv-353
      Petitioner,

                                        Black, J.
      vs.                                              Bowman, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
      Respondent.


## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).